THEODORE W. MORRIS & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 29, 1909.)

No. 5,265.

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—STEEL PLATES—"PLATES AND STEEL IN ALL FORMS AND SHAPES."

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par 135, 30 Stat. 161 (U. S. Comp. St. 1901, p. 1638), for "plates and steel in all forms and shapes," does not include plates that have been manufactured into some other completed commercial article, such as a so-called engraved steel table, consisting of a rectangular slab incised with a pattern to be impressed upon plate glass.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,744 (T. D. 28,888), affirmed the assessment of duty by the collector of customs at the port of New York. The opinion filed by the board reads as follows:

FISCHER, General Appraiser. According to the invoice description the merchandise is an engraved steel table. It was assessed with duty under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), as a manufactured article composed of steel, not specially provided for, and is claimed to be dutiable properly at the applicable specific rate, according to value per pound, as "plates and steel in all forms and shapes not specially provided for," under par. 135, 30 Stat. 161 (U. S. Comp. St. 1901, p. 1638).

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears, from the testimony of the importer taken at the hearing, that the so-called steel table is in fact a slab of steel 15 feet long, 4 feet 2 inches wide, 6.6 inches thick, weighing 13,384 pounds, and worth 17,850 marks. The article is not imported as a table, but as a table top, to be mounted after importation on a wooden frame. It is a slab of steel covered on one side by an engraved or depressed design, which runs to within about 1 or 1.5 inches of its edge, and is to be used in the manufacture of a certain kind of plate glass. Glass is pressed or rolled against this steel table top, and takes the impression of the pattern from its engraved surface.

In G. A. 4,650 (T. D. 21,975), an engraved plate in the form of a table top, which was used by glass manufacturers for making devices or figures on plate glass, was not regarded as a plate of the kind provided for in paragraph 166, 30 Stat. 165 (U. S. Comp. St. 1901, p. 1643), which were held to be only such as are used for printing on paper or similar material. In that case the present issue under paragraph 135 was not raised. A question similar to that here involved arose in G. A. 5,409 (T. D. 24,626), wherein the importers' present contention was sustained; the board following Morris v. U. S. (C. C.) 140 Fed. 774 (T. D. 25,183). In the Morris Case the Circuit Court for the Southern District of New York, Hazel, J., reversed the board without opinion and sustained the claim of the importers that the article, differing in no particular from the merchandise here under review, fell within the provision for "plates and steel in all forms and shapes."

The issue again arises in view of the opinion of the court, Hazel, J., in the case of U. S. v. C. Newman Wire Co. (C. C.) 152 Fed. 488 (T. D. 27,896), affirmed (C. C. A.) 159 Fed. 123 (T. D. 28,600). It is claimed that in the last-mentioned opinion of the Circuit Court the Morris Case is disapproved. The court observed: "Conceding, however, an analogy between the articles under consideration and the steel table in the Morris Case, I am nevertheless constrained by the evidence and the reasoning of counsel for the government to now hold that Congress primarily intended by paragraph 135 to simply include steel plates that have not been manufactured into some other completed commercial article." The appellate court, in its affirming opinion, considers the term "plates" as a sheet of metal, and distinguishes between articles which may be called, but not described, by that term.

In this case we hold that the article has been changed in character from its condition as a steel plate or slab by reason of the depressed design worked out on its surface, and that the amount of work which has been done on the steel, as material, does involve a change in the dutiable classification. The case of U. S. v. Wood (C. C.) T. D. 28,655, affirming G. A. 5,886 (T. D. 25,915), may be referred to, as in that case the steel floor plates are not only called, but properly described, by the term "plates." Those plates had not been advanced by any process of manufacture from their condition as plates, and their character had in no way been changed. That would distinguish the case from the one at bar. It is proper to add that the rulings of this board as to "ball mill plates," "kominuter plates," and "steel casting grinding plates," were to a certain extent influenced by and decided on the authority of the Morris Case, supra.

With reference to the article now before us, which is considered in the light of the rulings as to the scope to be given to the provisions of paragraph 135, here applicable, it would seem to us that a steel table top over 6 inches thick, weighing over 6 tons, formed from steel and then further advanced by having a design engraved on its surface, useful only on account of its incised pattern, which acts somewhat as a mold, cast, or model, to give shape or form to plate glass, is in fact steel "manufactured into some other completed commercial article." Newman Case, supra. Its character as a steel plate must be considered as having "merged into the higher mechanical plane of a manufactured article." Bromley v. U. S., 156 Fed. 958, 84 C. C. A. 458 (T. D. 28,520), affirming (C. C.) 154 Fed. 399.

The protests must be overruled, and the decision of the collector affirmed.

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers.
J. Osgood Nichols, Ast. U. S. Atty.

HOLT, District Judge. Appraisers' decision affirmed.